NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CAMERON MARCUS TUCKER, *Appellant*.

No. 1 CA-CR 19-0545

FILED 1-21-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-109446-001
The Honorable Aryeh D. Schwartz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michelle L. Hogan
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Margaret M. Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

---

**B A I L E Y**, Judge:

¶1        Defendant Cameron Marcus Tucker appeals his conviction and sentence for unlawful flight. For the reasons that follow, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        On February 21, 2018, at approximately 1:30 a.m., Officer Alexander Callirgos was patrolling in a marked Phoenix Police Department vehicle when he observed a driver, later identified as Tucker, fail to signal 100 feet before making a right-hand turn. The officer attempted to pull Tucker over by activating his overhead lights, but Tucker did not immediately slow down or stop even though there were available places to safely do so. Tucker continued driving even after the officer turned on his siren; instead, as he admitted later, he chose to ignore the officer's lights and siren to avoid his vehicle having to be towed home. When Tucker entered the 202 freeway on-ramp, the officer turned off his overhead lights and sirens and from there, a police air unit followed Tucker to his home.

¶3        As Tucker exited the freeway, Officer Nicholas Miller began following him, but he did not turn on his lights or siren. When Tucker parked the car in his driveway, Miller activated his lights and arrested him.

¶4        Tucker was charged with one count of unlawful flight from a law enforcement vehicle, a Class 5 felony, in violation of A.R.S. § 28-622.01. Before trial, the court granted the State's motion in limine to preclude any testimony or argument regarding the penalty Tucker faced if convicted. During the trial, both Callirgos and Miller testified. The jury found Tucker guilty and the trial court sentenced him as a repetitive offender to a mitigated term of 3.5 years' imprisonment, with 38 days' presentence incarceration credit.

---

[1] On appeal, we view the evidence in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Tucker. *State v. Karr*, 221 Ariz. 319, 320, ¶ 2 (App. 2008).

¶5        We have jurisdiction over Tucker's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes §§ 12–120.21(A)(1), 13-4031, and –4033.

## DISCUSSION

¶6        On appeal, Tucker argues the court abused its discretion in denying his motions for mistrial and the prosecutor improperly impugned defense counsel's integrity during closing arguments.  We address each argument in turn.

I. The Motions for Mistrial

¶7        We review a trial court's denial of a motion for mistrial for an abuse of discretion.  *State v. Blackman*, 201 Ariz. 527, 538, ¶ 41 (App. 2002). When a motion for mistrial is based on witness testimony, the trial court must consider (1) "whether the testimony called to the jurors' attention matters that they would not be justified in considering in reaching their verdict and (2) the probability under the circumstances of the case that the testimony influenced the jurors."  *State v. Lamar*, 205 Ariz. 431, 439, ¶ 40 (2003).  We give great deference to the trial court's decision because it "is in the best position to determine whether the evidence will actually affect the outcome of the trial."  *Id.* (quoting *State v. Jones*, 197 Ariz. 290, 304, ¶ 32 (2000)).

¶8        When answering a question about general police procedure during the state's direct examination, Callirgos testified that Phoenix police policy permits an officer to activate a siren when pursuing a person suspected of a felony.  Tucker objected and moved for a mistrial, or in the alternative to strike the testimony, arguing that he was prejudiced by the suggestion that he had committed a felony.  The court denied the motion for mistrial, but it struck the testimony and instructed the jury to disregard it, reasoning that because the testimony related only to police policy and did not suggest that Tucker was being pursued for a felony offense, he was not prejudiced by it.

¶9        The court did not abuse its discretion in denying the motion for a mistrial.  The officer's testimony did not implicate Tucker but rather provided an overview of police procedure.  Because the testimony did not directly relate to the facts in this case, there was little probability that the testimony would influence the jurors or call attention to matters the jury could not properly consider. *See Lamar*, 205 Ariz. at 439, ¶ 40.  Additionally, any possible prejudice was cured by the court's instructions to disregard the stricken testimony. *See State v. Almaguer*, 232 Ariz. 190, 199, ¶ 29 (App.

2013) ("[J]urors are presumed to follow the trial court's instructions, including curative ones."); *see also State v. Schroeder*, 167 Ariz. 47, 51 (App. 1990) (concluding court's instruction cured any prejudice caused by improper testimony).

**¶10** Tucker moved for a mistrial a second time, following Callirgos's testimony that "[o]nce [Tucker] got on the ramp, I turned—I had [the lights and sirens] on for like five seconds. Turned them off. And my boss asked if we had a felony flight. That's what he asked, my boss. And I said, you know, yes." Again, Tucker objected and moved the trial court to declare a mistrial or strike the testimony. The court denied both motions, but gave the jury a curative instruction that: "When the officer turned on his lights and/or sirens, Mr. Tucker was not being pursued or investigated for a felony. The parties agree that is a fact."

**¶11** The court did not err in denying the second motion for mistrial. Although Callirgos's testimony arguably violated the court's motion in limine ruling, "[t]he trial judge viewed the improper statement in the context of the evidence in the case as a whole, assessed its effect on the jury, and, in light of all the circumstances, determined that a limiting instruction would cure the error." *State v. Dann*, 205 Ariz. 557, 570, ¶ 46 (2003). The jury was instructed that Tucker was not being pursued or investigated for a felony. Accordingly, we find that the curative instruction sufficiently cured any possible prejudice to Tucker. *See Lamar*, 205 Ariz. at 439, ¶ 43. Further, the record provides ample evidence that Tucker "wilfully fle[d] or attempt[ed] to elude a pursuing official law enforcement vehicle," A.R.S. § 28-622.01(A): after failing to signal before a turn, Tucker ignored both the officer's overhead lights and sirens and then did not stop his vehicle until he arrived at his house. The curative instruction, combined with the overwhelming evidence of guilt, rendered any error harmless. *See Dann*, 205 Ariz. at 570, ¶ 46.

II. Prosecutorial Error

**¶12** Tucker alleges the prosecutor engaged in prosecutorial error[2] by improperly impugning the integrity of defense counsel and defense tactics. To succeed on a claim of prosecutorial error, "a defendant must

---

[2] "When reviewing the conduct of prosecutors in the context of 'prosecutorial misconduct' claims, courts should differentiate between 'error,' which may not necessarily imply a concurrent ethical rules violation, and 'misconduct,' which may suggest an ethical violation." *Matter of Martinez*, 248 Ariz. 458, 470, ¶ 47 (2020).

demonstrate that the prosecutor's misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Johnson*, 247 Ariz. 166, 200, ¶ 133 (2019) (quoting *State v. Martinez*, 230 Ariz. 208, 214, ¶ 24 (2012)). We will reverse for prosecutorial error if "(1) the prosecutor committed misconduct and (2) a reasonable likelihood exists that the prosecutor's misconduct could have affected the verdict." *State v. Goudeau*, 239 Ariz. 421, 465, ¶ 193 (2016). Because Tucker failed to object, we review for fundamental error. *See Johnson*, 247 Ariz. at 200, ¶ 133. Thus, Tucker must demonstrate that (1) trial error exists; and (2) the error was fundamental, meaning the error went to the foundation of the case, took from the defendant a right essential to his defense, or was so egregious that he could not possibly have received a fair trial. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018). If the defendant shows the first two types of fundamental error, he must also show prejudice, but if he shows the error was so egregious that he could not have possibly received a fair trial, prejudice is presumed. *Id.*

¶13 Prosecutors are given "wide latitude" when presenting closing arguments to the jury. *Goudeau*, 239 Ariz. at 466, ¶ 196. And "[w]hile commentary about the defense's theory is common, an argument that impugns the integrity or honesty of opposing counsel is improper." *State v. Acuna Valenzuela*, 245 Ariz. 197, 220, ¶ 93 (2018) (quoting *State v. Hulsey*, 243 Ariz. 367, 390, ¶ 99 (2018)).

¶14 Here, during his rebuttal closing argument, the prosecutor referred to defense counsel as a magician, whose arguments were akin to performing illusions meant to distract the jury from the evidence. The prosecutor then addressed eleven "illusions" presented in the defense closing and explained why each argument did not square with the evidence presented. Although Tucker contends that the magician comparison suggested defense counsel was attempting to mislead the jury, on this record, we cannot say the argument did more than criticize defense tactics. *See State v. Ramos*, 235 Ariz. 230, 238, ¶ 25 (App. 2014). The remainder of the State's rebuttal properly commented on the defense's theories and arguments. *See Acuna Valenzuela*, 245 Ariz. at 220, ¶ 93.

¶15 Moreover, "[i]f overwhelming evidence of guilt exists in the record, we may conclude a defendant has failed to meet his burden of establishing prejudice from the impermissible comment." *Ramos*, 235 Ariz. at 236, ¶ 18; *see also Goudeau*, 239 Ariz. at 466, ¶ 199. As discussed above, the record contains overwhelming evidence of Tucker's guilt. *See supra* ¶ 11. Accordingly, Tucker has failed to demonstrate any fundamental error or resulting prejudice. *See State v. James*, 231 Ariz. 490, 493, ¶ 11 (App. 2013).

## CONCLUSION

¶16 Because Tucker has shown no error, we affirm his sentence and conviction.



AMY M. WOOD • Clerk of the Court
FILED: AA